McKinney, J.,
delivered the opinion of the Court.
On the 4th of October, 1856, Lintz recovered a judgment against defendant Thompson, and another, before a justice of Bedford county, for $76.50. On the 15th of June, 1857, an execution was issued on said judgment, and placed in the hands of one J. L. Burt, a constable of said county, for collection. The constable by reason of neglect to make the money, and return the execution in due time, rendered himself liable to a judgment on motion, under the statute. And being so liable, without any judgment, or proceeding against him to enforce his liability, he voluntarily paid to the plaintiff the full amount of said judgment. There was no transfer of the judgment to the constable, upon his payment of the money; nor was anything done to obviate the legal *458 effect of the payment, as a satisfaction and extinguishment of the judgment.
Afterwards, on the 22d of April, 1858, the constable returned said execution “ not satisfied,” and procured the issuance of an alias execution upon the judgment, for his own benefit. And, on the petition of the defendant, the execution was superseded and quashed by the judgment of the Circuit Court.
This judgment of the Circuit Court, quashing the execution, is said to be erroneous. We do not think so. The case falls within the principle of Harwell v. Worsham, 2 Hum., 524, which establishes, that if an officer pays off an execution to the judgment creditor, without an assignment or purchase of the judgment, it is an absolute discharge of the execution, and the officer cannot hold the execution, as unsatisfied, and enforce it for his own benefit.
And we hold that, in the case before us, the execution was not only satisfied, but the judgment itself was absolutely extinguished, so that no other execution could be issued thereon.
The argument for the plaintiff implies, that the principle of Harwell v. Worsham, is in opposition to the recent case of Smith v. Alexander, 4 Sneed, 482. This is not so. The cases are perfectly consistent with each other. The latter case recognizes the doctrine, that if a collecting officer or agent, on the ground of official negligence, has been subjected, by judgment of law, to pay the amount of the debt to the creditor, the legal effect is, that, by an implied transfer or assignment, the debt passes to the officer or agent, who may enforce it against the original debtor. But it must be observed, *459 that to produce this result, two things are indispensably necessary: Eirst, That the liability of the officer in default, shall have been fixed by the judgment of a tribunal of competent jurisdiction; and secondly, That such judgment shall have been satisfied. It is by force of these two concurring facts, that the implied transfer of the debt is effected. It follows, therefore, that a voluntary payment by the officer in default, as in the present instance, will have no such effect. In this view of the case, it does not become necessary to consider the construction and effect of the act of 1850, ch. 145.
The distinction, in principle,* between the cases cited, will be obvious on a moment’s reflection. In the one case, the money is advanced voluntarily by the officer, upon the execution or judgment; and, therefore, in the absence of anything to exclude the inference, the law will conclusively presume that it was paid in satisfaction of the execution or judgment, and will give it that effect. But, in the other case, the payment is compulsory, and not upon the original execution or judgment, but in satisfaction of the recovery against the officer for his own personal default: consequently, in the latter case, the original judgment is left in full force; and both, in fact and in law, remain unsatisfied. In the one case, there is a thing in esse, capable of being transferred ; but in the other case, nothing remains to be assigned, in any mode.
Judgment affirmed.